**Genevieve W. SNIDER, Appellant,**

v.

**GREEN QUARRIES, INC., Respondent.**

**No. KCD 27711.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer
Denied March 29, 1976.

Application to Transfer Denied
May 5, 1976.

J. Kirk Rahm, Hensley, Rahm & Rahm, Warrensburg, for appellant.

Christian F. Stipp, Stipp & Thomas, Carrollton, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Genevieve Snider appeals from an adverse judgment on her claim for Workmen's Compensation benefits for the death of her husband, Ira Hubert Snider.

Snider was employed by Green Quarries. One morning a fellow employee of Snider drove a truck which overturned on the Quarry property. Snider was thereafter requested to drive this employee about twenty miles to the hospital in Carrollton. Part of Snider's job was driving a pickup truck.

The fellow employee was not in any particular pain and was able to walk from his overturned truck to the pickup truck for the trip to the hospital. Snider did seem to be somewhat upset by the injury to his fellow employee. When they arrived at the hospital both Snider and the injured employee walked into the hospital.

Dr. Vinyard observed Snider and inquired if he were feeling all right and Snider replied he would be all right when he returned to work. On Snider's return trip to the Quarry, he became ill and was thereafter taken to the hospital and then to Dr. Vinyard's office. Dr. Vinyard determined Snider was having a heart attack and sent him back to the hospital. Snider died about two hours later from the heart attack.

In the hearing before the referee, Genevieve Snider produced Dr. Jones who testified in response to hypothetical questions that he believed Snider's heart attack was caused by the stress produced by the injury to the fellow employee. Green Quarries

produced the deposition of Dr. Vinyard who saw and treated Snider. Dr. Vinyard was unable to state that the injury to the fellow employee was the cause of the attack.

The referee found there was not sufficient evidence to prove that Snider's death was a result of stress or unusual work. This finding was affirmed by the Industrial Commission and by the Circuit Court.

On this appeal Mrs. Snider contends the evidence of Dr. Jones was uncontradicted showing the stress brought on by the injury to the fellow employee and the transporting of him to the hospital caused the heart attack.

■ The duty of this court in a case such as this is well stated in *Webb v. Norbert Markway Construction Company*, 522 S.W.2d 611, 614[2–5] (Mo.App.1975). This duty and scope of review may be summarized from that as follows:

(1) To determine if the award of the Commission is supported by competent and substantial evidence upon the whole record;

(2) The evidence and all legitimate inferences arising therefrom will be reviewed in the light most favorable to the award;

(3) This court may not substitute its own judgment for that of the Commission and may set aside an award only if there is not substantial competent evidence to support the award or if the findings of the Commission are clearly contrary to the overwhelming weight of evidence;

(4) If this court concludes the findings of the Commission are supported by competent and substantial evidence upon the whole record and are not contrary to the overwhelming weight of the evidence, the findings are binding, and matters of credibility and the weight to be given conflicting testimony are for the Commission.

In this case the referee and the Commission had the testimony of Dr. Vinyard who actually saw and treated Snider at the time of his attack and saw him earlier when he brought the injured employee to the hospital. Dr. Vinyard was unable to state the stress or anything connected with the injury to the fellow employee caused Snider's attack. It is apparent the testimony of Dr. Jones is in conflict with the testimony of Dr. Vinyard, but, as pointed out above, the credibility of witnesses and the weight to be given conflicting testimony is for the Commission. This was the only evidence concerning the causation of the attack. The Commission resolved this conflict in favor of Green Quarries.

■ The Commission exercised its duty to pass on the credibility of the witnesses and the weight to be given their testimony. It is not within the province of this court to interfere with the findings of the Commission if they are supported by competent and substantial evidence.

■ The testimony of Dr. Vinyard constituted competent and substantial evidence to support the Commission's finding. The judgment is affirmed.

All concur.