Hazel **ROBINETT**, Appellant,

v.

The **BENDIX CORPORATION**, Employ-
er, and **Fidelity & Casualty Company**
of New York, Insurer, Respondents.

No. KCD 30378.

Missouri Court of Appeals,
Western District.

June 11, 1979.

L. R. Magee, John E. Redmond, Kansas
City, for appellant.

Steven J. Borel, Kansas City, for respon-
dents.

Before SHANGLER, P. J., and WAS-
SERSTROM and CLARK, JJ.

PER CURIAM:

The widow of Millard O. Robinett filed
claim for death benefits under the Work-
men's Compensation Act. The Labor and
Industrial Relations Commission found that
there was no accident and that in any event

the alleged accident did not contribute to
Robinett's death; and the Commission
therefore denied the claim. On appeal the
circuit court affirmed. The widow again
appeals to this court.

On the morning of July 18, 1975, Robinett
was going to his place of work in a westerly
direction through a hallway in his employ-
er's plant. Located on the north wall of
that corridor was a Wilkerson Dry-Pack Air
Dryer which operated by air pressure and
which emitted a pop-off noise every 30
seconds. As Robinett passed or was a short
distance away from the dryer, the pop-off
noise sounded. About that time, witnesses
saw Robinett stagger, stumble and collapse
at a point approximately 71 feet west of the
air dryer. Attempts to revive Robinett
failed, and the cause of his death was diag-
nosed as heart failure.

Robinett had suffered a prior severe
heart attack in December, 1971. He had
recovered, at least to the extent of working
daily, but he continued under medical obser-
vation and treatment. The widow con-
tends, contrary to the Commission's finding,
that the pop-off noise was an "accident;"
that the noise startled Robinett and caused
or contributed to cause his death.

It is unnecessary to pass upon the ques-
tion of whether the pop-off noise constitut-
ed an accident within the meaning of the
Workmen's Compensation Act. Assuming
that it was, the Commission's determination
is entitled to affirmance on the ground that
the noise was not causally related to the
death.

The Commission's finding on causation is
binding on appeal if it is supported by com-
petent and substantial evidence on the
whole record and is not contrary to the
overwhelming weight of the evidence. Sec-
tion 287.490, RSMo 1969, as explicated in
*Snider v. Green Quarries, Inc.*, 535 S.W.2d
274 (Mo.App.1976). The medical evidence
on this issue is in conflict. That of the
employer is to the effect that it was highly
unlikely that the noise constituted a factor
in the death. This medical testimony and

the record as a whole supports the Commission's order by competent and substantial evidence. Under the statutory standard of review, the Commission's determination could not be disturbed, and under the standard of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the judgment of the circuit court must be approved.

An extended review of the evidence would have no precedential value. The judgment is therefore affirmed under Rule 84.16(b).