William R. MARSHALL, Appellant,

v.

NISBETH–SEIDEL CHEVROLET CO., Glen Falls Insurance Co., Respondents.

No. WD 30871.

Missouri Court of Appeals, Western District.

March 3, 1980.

Cleaveland, Macoubrie, Lewis & Cox, David P. Macoubrie, Chillicothe, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

William R. Marshall's claim for Workmen's Compensation was denied by the administrative law judge who found Marshall had not suffered an accident although he had been injured. The judge's findings were adopted by the Labor and Industrial Relations Commission in affirming the denial. This action was affirmed by the circuit court. On this appeal Marshall contends the denial of compensation was against the overwhelming weight of the evidence. Affirmed.

Marshall was an auto body repairman employed by Nisbeth-Seidel Chevrolet Company in Trenton. Marshall testified that on May 16, 1977, he had removed a front bumper which he said weighed between 70 and 100 pounds. Marshall stated he had lifted the bumper about two feet to place it on a stand when a co-worker named Jerry called to him. Marshall said he turned his head to reply and as he did the bumper swung and turned his body. He stated he immediately heard a "scrunch" or a "popping noise" in his back as the bumper turned him and he felt something unusual had happened in his back. He immediately felt a sharp stabbing pain just about belt level.

Marshall saw some local physicians in Trenton and eventually was referred to a specialist in Kansas City, Dr. Hunt, who removed a herniated disc. Dr. Hunt's deposition was introduced in evidence. No other evidence was presented by claimant.

An adjuster for the employer's insurance carrier testified that on June 3, 1977, he met Marshall in Dr. Hunt's office in North Kansas City and took a statement. In response to a question from the adjuster, Marshall stated he had picked up various auto parts and bumpers of the same weight as the bumper he was lifting thousands of times. The adjuster asked Marshall if he had twisted or slipped or anything at the time he felt the pain and he said he had not. Marshall told the adjuster there were two men in the room at the time he felt the pain and named them, but did not name Jerry as being one of the two.

In his deposition Dr. Hunt testified that Marshall had told him about lifting the bumper and feeling the pain but did not mention anyone calling to him or any twisting of his back at that time.

Marshall admitted talking with the adjuster and stated it had not been the truth when he told him that he had not twisted prior to feeling the pain in his back and that it was an oversight when he failed to name Jerry as being present in the room at the onset of the pain. He further stated that his answers to the adjuster were par-

tially wrong due to the influence of medicines he had been taking. In contradiction to this, Dr. Hunt in his deposition, stated *Marshall* appeared lucid to him at the time Marshall was in the office when he spoke with the adjuster. Dr. Hunt further gave as his opinion that Marshall's injury could have resulted from the lifting of the bumper without any twisting or turning, and likewise could have occurred with a twisting or turning.

Administrative Law Judge Tracy found Marshall had sustained an injury but found the injury was not the result of an accident within the meaning of the Workmen's Compensation Law.

 On this appeal Marshall does not dispute the necessity for him to show the injury resulted from an accident, but argues his own testimony was sufficient to show the injury did result from an accident in the turning and twisting to respond to Jerry, and the finding that an accident did not occur is against the overwhelming weight of the evidence. The duty of this court in the review of a Workmen's Compensation case is set out in *Snider v. Green Quarries, Inc.*, 535 S.W.2d 274, 276[1–4] (Mo. App.1976). While it is true this court may set aside an award if it is found to be clearly contrary to the overwhelming weight of the evidence, still the credibility of the witnesses and the weight to be given to their testimony was for the Commission and the administrative law judge. Here, the administrative law judge heard the testimony and this court must bear in mind " 'the rule of deference to findings, involving credibility of witnesses, made by those before whom the witnesses gave oral testimony.' " *Hall v. Spot Martin*, 304 S.W.2d 844, 847–848[2, 3] (Mo.1957).

This case bears a marked similarity to *Bauer v. Independent Stave Company*, 417 S.W.2d 693 (Mo.App.1967). There Bauer claimed his injury resulted from trying to pull a heavily loaded cart out of holes in a rough concrete floor. However, he had told his foreman and the office manager that he had not been injured on the job. He further told a physician that his back trouble resulted from causes other than an accident at work. The court noted the claimant bears the burden of proof in a Workmen's Compensation claim to bring himself within the provision of the law. The court stated that the Commission would not have acted arbitrarily or without adequate cause if it denied Bauer's claim on the sole ground it disbelieved his testimony because of the admissions against interest made in his extra-judicial statements.

In this case the administrative law judge specifically found Marshall did not sustain an accident and thereby rejected Marshall's testimony that he suffered the injury as the result of a twisting or turning to respond to a question. The referee found Marshall was engaged only in his usual and ordinary work and his injury was not accompanied by any accident. In view of the admissions against interest made by Marshall to the adjuster and to his physician, there was evidence to support the finding by the administrative law judge and the Commission that an accident had not been proven. Absent any evidence except the testimony of Marshall, contradicted by his admissions against interest, this court cannot say the decision of the Commission is against the overwhelming weight of the evidence.

The judgment is affirmed.

All concur.