Frank J. MANNING, Plaintiff-Respondent,

v.

MANOR BAKING COMPANY and Royal
Indemnity Company, Defendants-
Appellants.

No. 23386.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1962.

Harold J. Maddox, Davis, Thomson, VanDyke, Fairchild & Walsh, Kansas City, for appellants.

David T. Cavanaugh, Kansas City, for respondent.

SPERRY, Commissioner.

This is an appeal from the judgment of the Circuit Court affirming an award of compensation made by the Industrial Com-

mission in favor of Frank Manning, hereafter referred to as plaintiff, against Manor Baking Company, hereafter referred to as defendant, in the amount of $2928.84. Royal Indemnity Company, the other appellant herein, is defendant's insurer.

Defendant contends that the Commission acted in excess of its jurisdiction in making the award for the following reasons:

1. Failure to make specific findings of fact as requested;

2. There was not sufficient competent evidence in the record to warrant the making of the award, because:

A. Plaintiff did not give defendant notice of the injury as required by Section 287.420, R.S.Mo. 1959, V.A.M.S.

B. The award is contrary to the undisputed facts in evidence.

Six days were consumed in the hearing before the referee. There are three volumes of the transcript consisting of more than 660 pages. To dispose of points presented on this appeal it is required that the facts in evidence be reviewed and stated; but, obviously, it will be necessary to state the facts necessary to a decision as concisely as may be.

Plaintiff became a route salesman for Manor in June, 1951. He became a route supervisor in 1956. There was evidence to the effect that, in 1953, he sustained an injury to his back while working for defendant, but that it did not seriously incapacitate him; that, on Labor Day, (Sept.) 1957, he suffered a "catch" in his back when he arose from the breakfast table at his home, and that he had medical treatments for his back condition until Sept. 18, when he was released by Dr. Boring, a Chiropractor, as able to work.

Plaintiff offered the testimony of several witnesses to the effect that, prior to Oct. 22, 1957, he worked steadily at his regular employment and engaged in various sports such as horseback riding, croquet, and badminton and, in general, led a normal life so far as concerned work habits and entertainment. He also offered evidence tending to prove that after Oct. 22, 1957, he was unable to engage in any of the above sports and unable to perform any work for defendant except light work; and that he received treatment for his back condition from various doctors including an operation for herniated disk, and fusion.

He testified to the effect that, on the morning of Oct. 22, 1957, he was a supervisor of several salesman's routes; that when, for any reason, a salesman could not take care of his route, plaintiff took the truck and delivered bakery products from door to door; that he carried the products in a metal box which, when loaded, weighed from 35 to 40 pounds; that, that morning, he called at the home of a customer on Holly Street, in Kansas City, carrying the box up a flight of several steps to the door; that no one was home and, when he started down the steps, his feet slipped and he fell on the lower part of his back on the top step and slid and bumped from there to the bottom; that his right leg doubled under him; that he suffered painful and disabling injuries to his lower back and right leg; that pains emanated in the back and ran through his legs into his feet; that he eventually pushed the box, on the ground, across the street to a house where he was invited inside, given coffee and aspirin, permitted to lie on the couch and use the telephone; that he called defendant's office and reported the accident and asked for someone to take over the route; that a Mr. Bigler, his supervisor, arrived later with a young man but asked plaintiff to ride in the truck and instruct the new man on the route, which he did; that, when he reported in that evening, he reported the accident to Blanche Reeves who filled out a form; that he was instructed to report to Dr. Casebolt, defendant's physician, for treatment; that he reported to Dr. Casebolt, who treated him.

Defendant's records, in evidence, disclosed that Blanche Reeves made out a

report on a form, dated Oct. 23, 1957, of an accident reported on "Oct. 21" but that no further report thereof was made until after this claim was filed, several months later. There was also evidence to the effect that plaintiff was treated for injuries received in a fall down a flight of steps while on a route for defendant on Oct. 22, 1957, by Dr. Casebolt whose charges therefore were paid by defendant.

A great deal of medical evidence was offered touching the extent of plaintiff's injuries. There was substantial medical evidence tending to prove that plaintiff, at the time of the hearing before the referee, was suffering from a disability of the body as a whole, of from 20% to 50%; that his previous disability had been aggravated by injuries received on Oct. 22, 1957.

Defendant offered testimony and documentary evidence tending to show that plaintiff suffered no injuries on Oct. 22, 1957; that whatever disability he suffered was due to an earlier injury and to the "catch" in his back, suffered at his home, on Labor Day, Sept. 1957; and tending to show that plaintiff did not have an accident on the route as he claimed.

Defendant, in its "answer to claim for compensation" denied "each and every allegation of said claim". It was defendant's position at the hearing that plaintiff had no accident on Oct. 22, 1957, and that any disability that he might have was due to non-compensable injuries which he had previously received.

Therefore, the chief issue between the parties at the time of the hearing was whether plaintiff suffered an accident on Oct. 22, 1957, as alleged by him, and the extent of injuries he suffered thereby. There was substantial evidence tending to prove that plaintiff fell while in the performance of his duties in the employ of defendant. In Francis v. Sam Miller Motors (Mo.), 282 S.W.2d 5, 12, the Court said:

"The weight and value of the testimony of the witnesses and the weight and value to be given to the statements, if made, rested with the triers of the facts. * * *. The credibility, weight and value of this oral testimony was for the referee and the Commission and, as stated, 'the reviewing court should adhere to the rule of deference to findings, involving credibility of witnesses, made by those before whom the witnesses gave oral testimony.' * * *."

In Lake v. Midwest Packing Company (Mo.), 301 S.W.2d 834, 835, the Court said:

"We review the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission; and by competent and substantial evidence, and if the Commission's findings are supported not contrary to the overwhelming weight of the evidence, the award is to be sustained."

■ There was substantial evidence from which the Commission could have found, as it did, that plaintiff had an accident arising out of and in the course of his employment, and that he was injured thereby. It was for the Commission to evaluate the conflicting evidence and arrive at a decision as to the facts. Williams v. International Shoe Company (Mo. App.), 213 S.W.2d 657, 662. We may not substitute our judgment on the evidence for that of the Commission, but we can only determine whether it could have reasonably made its findings and reached its result upon consideration of all of the evidence before it. We can only set aside its decision when clearly contrary to the overwhelming weight of the evidence. Thacker et al. v. Massman Construction Company (Mo.), 247 S.W.2d 623, 627. Under the evidence in this case the Commission could have found the facts and made the award that it made and we may not set it aside.

508

However, defendant says the Commission acted in excess of its jurisdiction in that it failed to make specific findings of fact "as requested by the appellants". Defendant did not request the *Commission* to make specific findings of fact. It made such a request of the referee but did not so request of the Commission, or call that matter to its attention. It is the award of the Commission that we review, not that of the referee. Barron v. Mississippi Lime Company of Missouri (Mo. App.), 285 S.W.2d 46, 49.

The Commission found the following facts, among others:

"That plaintiff suffered an accident on Oct. 22, 1957, in the course of his employment, and was injured thereby.

"That solely as a result of said accident he sustained 20% permanent partial disability of the body as a whole referable to aggravation of a pre-existing low-back condition, for which he is entitled to eighty weeks of compensation at the rate of $37.50 per week.

"We further find that the employee was temporarily totally disabled from January 25, 1958 to Oct. 6, 1958, 36 weeks, and that he is therefore entitled to an additional twenty weeks of compensation at the rate of $37.50 per week as a healing period.

"We further find that the actual employer had actual notice of the injury and was not prejudiced by the failure of the employee to give written notice thereof."

Those are the constitutive facts necessary for our review of the case. Groce v. Pyle (Mo.App.), 315 S.W.2d 482, 491. No further findings were requested and these and others made by the Commission are sufficient. Cebak v. John Nooter Boiler Works Company (Mo.App.), 258 S.W.2d 262, 265; Evans v. Farmers Mutual Hail Insurance Company, 240 Mo.App. 748, 217 S.W.2d 705, 708–709.

Defendant also contends that plaintiff failed to give written notice of the accident and back injury as required by Section 287.420 R.S.Mo. 1959, V.A.M.S. The statute excuses such failure if the Commission shall find that there was cause therefore, or that employer was not prejudiced thereby. The Commission found that employer received actual notice of the injury and was not prejudiced by the failure of the employee to give written notice thereof. The finding is supported by substantial evidence.

The judgment affirming the award is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.