Harry HARMS, Employee, Plaintiff-Appellant,

v.

CHEVROLET–ST. LOUIS DIVISION GENERAL MOTORS CORPORATION, Employer-Self Insurer, Defendant-Respondent.

No. 33351.

St. Louis Court of Appeals.

Missouri.

June 13, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 15, 1969.

Application to Transfer Denied Nov. 10, 1969.

Morris B. Kessler, Leroy M. Steiner, St. Louis, for plaintiff-appellant-employee.

Harlan & Harlan, John L. Harlan, Jr., St. Louis, for defendant-respondent-employer-self-insurer.

PER CURIAM.

This is a workmen's compensation case. Employee appeals from the judgment of the Circuit Court affirming the Final Award Denying Compensation by the Industrial Commission of Missouri. The referee had allowed a total of $6,732.35 for medical expense, temporary total disability, and permanent partial disability based on a finding that employee suffered an occupational disease (bronchitis) arising out of and in the course of his employment. The Commission in its final award based its denial of compensation on the following: "We do not believe that claimant carried the burden of proof by showing that he sustained an occupational disease in his employment." We affirm.

Two preliminary matters raised by employee may be disposed of quickly. Employee states in his brief that following the determination of the Commission, the Commission members were asked the basis of their decision and that their replies indicated a misunderstanding of the law on occupational diseases. There is nothing in the record to support this bald assertion. We review cases on the record, and only on the record, and we decline to consider employee's statement in brief on this matter for any purpose. See Fine v. Waldman Mercantile Co., Mo.App., 412 S.W.2d 549. Secondly, employee asserts the result reached by the referee was correct. Our review is of the action of the Commission, not the action of the referee. Manning v. Manor Baking Co., Mo.App., 356 S.W.2d 505. Our review is limited to the statutory matters set forth in Sec. 287.490 RSMo

1959, V.A.M.S., and we accept the findings of fact of the Commission if supported by competent evidence. Vandaveer v. Reinhart and Donovan Construction Co., Mo.App., 370 S.W.2d 156. We are not concerned with whether the award of the referee had support in evidence, but only whether that of the Commission did.

The burden is upon the employee to prove a compensable disease under Sec. 287.067 RSMo 1959, V.A.M.S., Brotherton v. International Shoe Co., Mo.App., 360 S.W.2d 108 [3, 4]. Employee's burden here required him to establish the following: (1) that he suffered an occupational disease, (2) that such disease arose out of and in the course of his employment. If there is competent evidence to support a contrary finding on either item we cannot disturb the award of the Commission.

Employee's evidence could reasonably be said to support the following facts: upon entering the employment of defendant in 1962, he was 23, healthy, with no prior history of disease; his employment involved spray painting of motor vehicle parts, some of the time in an open area but most of the time in a room; in 1965 he began experiencing shortness of breath, tightness in his chest and spitting up sputum; during hospitalization and treatment while away from work his condition improved; upon return to work in the spray painting room his condition worsened; after transfer to another department his condition again improved. His doctor testified that employee had chronic bronchitis which the doctor attributed to the spray painting and which the doctor concluded was permanently disabling to the extent of 34% of the man as a whole.

Employer's evidence or evidence from cross-examination of employee's witnesses could reasonably be said to support the following facts: Employee lived and had lived for some years in an area of St. Louis with considerable industry and more than average air pollution; St. Louis is third or fourth in the nation in pollutants in the air; employee had smoked for 12 years at the time of hearing, approximately a pack a day or more; there are many causes for bronchitis or bronchial irritation including air pollution and smoking; the open area where employee worked had an exhaust fan which operated, except for occasional short breakdowns, to remove the fumes and paint from the area of operation; the enclosed room had an air flow system which resulted in a complete change of the air in the room six times a minute; the air flow moved from behind the painter toward the object being painted at a rate of 140 feet per minute; no other employee of the employer in a similar position had incurred lung difficulties; employee wore a mask while spray painting in the room; the materials used in this spray painting, although flammable and narcotic, have no clear history in themselves of causing injury to the lungs; inspections of the plant, including specifically the painting areas, by the Industrial Hygiene Section of the Department of Health and Hospitals of the City of St. Louis in 1962, 1963, and 1965, had resulted in findings that no health hazards existed to employees from exposure to hazardous materials including paint fumes; employee, after transfer to another department in 1965 was able to perform satisfactorily a strenuous job at which he consistently worked 40 or more hours per week, and that situation continued until the time of the hearing. Employer's medical witness testified he could find no evidence employee has or had bronchitis. From all the examinations and tests performed by that witness and the X-rays he viewed, it was the witness's opinion that the employee is a normal man for his age having no disability. We do not mean to indicate that all of the above facts were undisputed, but only that the evidence viewed in the light most favorable to the Commission's award would support finding of such facts. Nor have we attempted to recount all the evidence presented by each side, for our review is not de novo.

Employee asserts that the determination by the Commission was a legal conclusion

and under Brotherton v. International Shoe Co., Mo.App., 360 S.W.2d 108, such legal conclusion is reviewable. We cannot interpret *Brotherton* as having any bearing on employee's case. In *Brotherton* the facts of the occurrence were virtually uncontested, the fact of injury was established, and the fact that the employee slipped was established. The stated ground for the denial of compensation by the Commission, reversed by the Court of Appeals, was that there was no causal connection between the injury and the slipping. The court held this to be a conclusion as to the effect of the evidence and a conclusion of law based on that conclusion. The ruling of the Commission there, being based on an erroneous conclusion of law, did not bind the court.

▇ A determination of ultimate fact reached by a process of reasoning from the facts is a determination of fact. If the ultimate fact is reached by application of rules of law it is a conclusion of law. Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909 [9]; Welborn v. Southern Equipment Co., Mo.App., 386 S.W.2d 432 [4].

▇ The Commission determination here was: "We do not believe that claimant carried the burden of proof by showing that he sustained an occupational disease in his employment." We cannot say that that determination was anything other than a determination of ultimate fact based upon a process of reasoning applied to evidence in sharp conflict on many crucial points. The evidence permitted the reasoned conclusion that employee was not exposed to any substance which would cause an occupational disease, and therefore, there was no direct causal connection between the conditions under which the work was performed and the occupational disease claimed. The evidence permitted the reasoned conclusion that the origin of the disease was not in a risk connected with the employment. The evidence permitted the reasoned conclusion that the disease

came from a hazard to which workmen would have been equally exposed outside of the employment. And, additionally, the Commission may well have accepted the evidence of employer's doctor that employee had neither a disease nor a disability. This alone prevents our disturbing the award. Gonzales v. Johnston Foil Manufacturing Co., Mo.App., 305 S.W.2d 45. We cannot say that the finding of the Commission was unreasonable or against the overwhelming weight of the evidence. We therefore are bound by the Commission's factual determination.

▇ Employee also seeks to invoke Secs. 292.300 to 292.440 RSMo 1959, V.A.M.S., (Prevention of Occupational Diseases) on that asserted basis: "While the Missouri Workmen's Law Defines Occupational Disease, Certain Other Statutes Are to Be Considered in That They Set Certain Standards and Requirements of Employee Safety. The Failure to Observe Those Standards Can Lead to Occupational Disease." We fail to see how these sections aid employee. Employee's right to workmen's compensation is not dependent on whether the employer has maintained proper standards or not. Employee's burden is to establish that he sustained a disability as a result of an occupational disease without regard to whether employer could have prevented the disease. It is this burden which the Commission held employee did not carry.

▇ Employee advances the contention that, because on some isolated occasions, not identified by date or approximation, he was exposed to greater concentrations of fumes than usual, he has suffered an "accidental" injury, citing Vogt v. Ford Motor Co., Mo.App., 138 S.W.2d 684. Employee's claim did not purport to be based on accident. It sought compensation purely as a result of occupational disease, not accidental injury. No attempt was made at hearing to separate these alleged accidental exposures from the overall spraying or to establish the extent of injury or dis-

ability from the "accidents." There was no competent evidence submitted upon which the Commission could have made an award for injury from accidental means.

The judgment of the Circuit Court is affirmed.

WOLFE, P. J., and HERBERT K. MOSS, Special Judge, concur.