**Elmer Dee WEBB, Plaintiff-Respondent,**

v.

**NORBERT MARKWAY CONSTRUCTION COMPANY and Reliance Insurance Company, Defendants-Appellants.**

**Nos. 35739 and 35800.**

Missouri Court of Appeals, St. Louis District, Division Three.

Feb. 11, 1975.

Motion for Rehearing or Transfer Denied April 22, 1975.

Application to Transfer Denied June 9, 1975.

Joseph L. Leritz, Kearney, Lerits & Reinert, St. Louis, for defendants-appellants.

Harvey B. Cox, Jr., Cox, Cox & Cox, St. Louis, for plaintiff-respondent.

## PER CURIAM:

This is a workmen's compensation proceeding. Norbert Markway Construction Company, the employer, and its insurer, Reliance Insurance Company, appellants, appeal from a judgment order of the Circuit Court of St. Louis County entered July 13, 1973, reversing a final award of the Industrial Commission entered December 18, 1972, which denied compensation to the employee-respondent, Elmer Dee Webb. The Commission in making its award affirmed the award of the referee who also denied compensation to the employee.

The employee made a claim for injuries arising out of an alleged accident on December 16, 1965, when a piece of novaply wood which he was moving slipped from his grip and he exerted "unusual force and strain."

█ The referee made lengthy findings of fact and rulings of law. The referee found that Mr. Webb was presently suffer-

ing from "conversion hysteria" which "probably" renders him incapable of working and that he is in effect totally and permanently disabled. However, the referee concluded that the employee's condition was not brought about by any specific trauma or accident; that there was no medical causal relationship between the incident occurring on December 16, 1965, when the employee was carrying a heavy piece of novaply wood which allegedly slipped from his grip; that the issue of credibility is a "major factor in the evaluation of this case"; and that the nature and extent of the total disability should not be the responsibility of the employer and insurer, "because so much of it is due to long-standing conditions not connected with his work." The referee concluded that "the record in this case does include sufficient testimony on behalf of the employee to warrant findings of accident [1] and causal connection, as well as disability of a permanent and total nature. However, I find this evidence less persuasive than evidence to the contrary introduced by the employer and insurer."

After the Commission affirmed the award of the referee, the employee, Webb, appealed to the circuit court. The court reversed the final award and found as a matter of law that "there was not sufficient competent evidence in the record to warrant the making of the award" and that "under the competent evidence, the Employee-Appellant sustained an accident arising out of and in the course of his employment while handling novaply on December 16, 1965, and a resultant total and permanent disability."

The employer, Markway, and the insurer, Reliance, appealed. Despite the multifaceted points and contentions raised by the parties on this appeal, the single, overriding issue in this case is whether or not

---

1. § 287.020(2), RSMo 1969, V.A.M.S. It has been held that an unusual and abnormal strain arising out of and in the course of employment resulting in injury is an accident and compensable. Crow v. Missouri Imple-ment Tractor Company, 307 S.W.2d 401, 405 (Mo.banc 1957); McClain v. Yellow Cab Company, 439 S.W.2d 200, 202–203 (Mo.App. 1969), and cases cited therein.

there was substantial competent evidence to support the final award of the Industrial Commission denying compensation to the employee, Elmer Dee Webb.

■ Our duty on appeal is well settled. On judicial review of a workmen's compensation claim, this court must determine if the award of the Commission is supported by competent and substantial evidence upon the whole record, Mo.Const. Art. V, § 22, V.A.M.S., and all of the evidence and legitimate inferences arising therefrom must be viewed in the light most favorable to the award. We are not at liberty to substitute our own judgment for that of the Commission and may set aside an award only if there is not substantial competent evidence to support the award or if the findings of the Commission are clearly contrary to the overwhelming weight of the evidence. If we conclude that the findings of the Commission are supported by competent and substantial evidence upon the whole record and are not contrary to the overwhelming weight of the evidence, the findings are binding, and matters of credibility and the weight to be given conflicting testimony are for the Commission. Bauer v. Independent Stave Company, 417 S.W.2d 693, 697 (Mo.App. 1967); Stegall v. St. Joseph Lead Company, 465 S.W.2d 855, 859–860 (Mo.App. 1971); Ousley v. Hawthorn Company, Div. of Kellwood Co., 397 S.W.2d 719, 721 (Mo.App.1965); Schmitz v. Sellers & Marquis Roofing Co., 117 S.W.2d 623, 624 (Mo.App.1938); Roux v. Dugal's Big Star Food Store, 510 S.W.2d 810, 811–812 (Mo. App.1974); Saale v. Alton Brick Company, 508 S.W.2d 243, 246 (Mo.App.1974).

■ It is only in exceptional circumstances that we may reverse an award of the Commission on the facts. Shepard v. Robinson, 451 S.W.2d 329, 335 (Mo.1970).

■ After studying the entire lengthy transcript, the briefs, arguments and authorities relied upon by the parties, we are convinced that the award of the Commission denying compensation was supported by competent and substantial evidence upon the whole record and was not contrary to the overwhelming weight of the evidence.

■ There was substantial and competent evidence that (1) the employee, Mr. Webb, did not sustain an accident within the meaning of § 287.020(2). There was evidence to the effect that the incident and injury came about as originally described by the employee in the histories given to physicians and in the statement he gave to a claims adjuster in the months following the incident with the novaply on December 16, 1965 [2] and that his condition was not brought about by the novaply incident. Bauer v. Independent Stave Company, supra; Deffendoll v. Stupp Brothers Bridge & Iron Co., 415 S.W.2d 36 (Mo.App.1967); (2) there was no causal connection between the novaply incident and the subsequent condition of the employee—epicondylitis, tenosynovitis, and conversion reaction —rather this condition resulted from his work and his history of emotional problems.[3] Schmitz v. Sellers & Marquis

---

2. Mr. Webb did not relate to several physicians that he lost his grip and the novaply slipped; he expressly informed one of the physicians, Dr. Kramer, that there was no accident. He never told Dr. Funsch what happened to his arm. In April, 1966, he expressly informed the claims adjuster that his arm got tired all at once, and that the novaply board did not slip from his grip and that he did not slip, trip, fall or anything. He failed to inform several doctors of any slipping of the novaply. His version of the alleged "accident" differed at the time of the hearing and the information given earlier.

He admitted to an insurance adjuster that the board did not slip from his grasp, nor did he trip "or anything." The decision relied upon by the respondent, Yancey v. Egyptian Tie & Timber Co., 95 S.W.2d 1230 (Mo.App. 1936), is not dispositive of the issues presented here.

3. While psychoneurosis or traumatic neurosis is a compensable injury within the meaning of workmen's compensation, its causal connection with an accident must be established by clear evidence. Thompson v. Railway Express Agency, 241 Mo.App. 683, 236

Roofing Co., supra, 117 S.W.2d at 629; Harms v. Chevrolet-St. Louis Div. Gen. Motors Corp., 444 S.W.2d 524, 527 (Mo. App.1969); (3) there was substantial medical evidence that the nature and extent of Mr. Webb's disability was due to long-standing conditions not connected with his work.[4]

■ The matter of credibilty was also a live issue in the case. It is the Commission which passes on the credibility of the witnesses and the weight to be given to conflicting testimony and if conflicting inferences are permissible, the choice rests with the Commission. Bauer v. Independent Stave Company, supra. There was substantial competent evidence for the Commission and the referee to conclude that the employee had been suffering from a condition for years which causes him to subconsciously misrepresent the facts to himself.

In sum, we have read the entire transcript, examined all of the exhibits, read the briefs and the numerous cases cited by each party, and conclude that (1) the award of the Commission was supported by substantial competent evidence and was not clearly contrary to the overwhelming weight of the evidence; (2) that a detailed recitation of all the complex facts, or a discussion of the long and involved medical history of the employee would serve no useful purpose; (3) that a lengthy opinion would have no precedential value, and (4) that the judgment order of the circuit court reversing the final award of the Commission should be reversed. Rule 84.-16, V.A.M.R.

We have considered the other points raised by the respondent, Webb, and find them either to be without merit or not determinative of the result we reach.

The judgment of the circuit court is reversed and the cause remanded for reinstatement of the award of the Commission.

All the Judges concur.

S.W.2d 36, 39 (1951); Todd v. Goostree, 493 S.W.2d 411, 417 (Mo.App.1973).

There was substantial evidence by Dr. Herbert E. Rosenbaum that there was no causal connection between the condition and the "accident." Dr. Rosenbaum, who specialized in "diseases of the nervous system," believed that the conversion reaction was brought about by life experiences and did not believe that the incident caused or contributed to cause the conversion reaction. The novaply incident was only one grain of sand in a mountain of sand. Dr. Marvin R. Mishkin

testified that the epicondylitis could be caused by the use of a saw over a period of years. Doctor Rosenbaum testified that it would be "most usual" that Webb already had a condition of tenosynovitis at the time he lifted the novaply and that the incident merely brought the condition to his attention.

4. There was evidence that Mr. Webb suffered from emotional problems as far back as 1945 and that the novaply incident was one of a series of events.