Fletcher W. LLOYD, Respondent,

v.

COUNTY ELECTRIC CO. et al., Appellants.

No. 41771.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

---

Robert R. Schwarz, Clayton, for appellants.

Charles A. Mogab, St. Louis, for respondent.

REINHARD, Judge.

Employer-insurer appeals from an order of the Circuit Court affirming an award of the Labor and Industrial Relations Commission in favor of the claimant. The sole issue on appeal is whether claimant's claim for compensation was barred by the statute of limitations, § 287.430, RSMo 1978. We agree with the commission that it was not and affirm.

Claimant was injured on November 12, 1974.[1] Employer filed a Report of Injury with the Division of Workmen's Compensation on November 13, 1974. Subsequent to that date, employer and insurer paid $1,494.22 in medical expenses for claimant. Claimant also received 24 weeks of temporary disability payments totalling $2,280.00. No payments were made for permanent disability.

Claimant saw several doctors after the injury to his eye. He initially saw Dr. Bowen who performed surgery on the eye. He was later fitted with a contact lens for the eye by Dr. Kiefer. Claimant's last visit with Dr. Kiefer was January 19, 1976. Claimant also saw Dr. Lewin of Lewin and Milster Ophthalmologists Inc. Dr. Lewin examined the eye and referred claimant back to Dr. Bowen for further treatment. He noted in his file that claimant should return for an examination in two or three months.

From the time of the injury until sometime after May 26, 1977, claimant made numerous appearances before the administrative law judge without counsel. The attorney for employer-insurer also appeared on these occasions. On August 31, 1976, employer-insurer's attorney filed with the commission a document stating: "STATUTE OF LIMITATIONS WAIVED UNTIL NEXT SETTING PLUS 30 DAYS." The administrative law judge filed the following memo that date: "February for eye rating. Statute waived." The commission's record shows that on December 30, 1976, the commission sent by regular mail a notice for a conference to take place on February 4,

1977. Claimant failed to appear at this conference. On February 11, 1977, a notice was sent by certified mail setting a conference for March 31, 1977. This notice stated that claimant's file would be closed if he did not appear for the March 31 conference.

Claimant did not recall receiving a notice for the February 4 conference, but he did receive the notice for the March 31 conference. He appeared on March 31 as did the attorney for employer-insurer. The administrative law judge prepared a claim for claimant which was filed on that date.

Employer-insurer filed its answer on April 19, 1977. This answer did not raise the statute of limitations. On May 14, 1977, the attorney for employer-insurer wrote claimant informing him that he was to appear at Dr. Milster's office on May 26, 1977, for an eye examination and rating. A few days later, this attorney also wrote Dr. Milster confirming that claimant was "to be examined by you." Claimant appeared at Dr. Milster's office on the 26th for the examination.

During the examination, a discussion ensued concerning a corneal transplant. Claimant hoped that with such a transplant, he would regain some depth perception in his right eye. Dr. Milster discussed with claimant both the advantages and disadvantages of such an operation. He testified that he informed claimant: "if it were my eye, I would not have it done." However, Dr. Milster told claimant that if he decided to have the transplant, he would recommend Dr. Robert Drews. Dr. Milster wrote Dr. Drews' name, address, and phone number on his business card and gave it to claimant. He testified that he gave this "medical advice" to claimant because he felt it might be helpful in the future treatment and prognosis of his eye condition. Dr. Milster did not recommend any future surgery. However, he specifically noted in his records: "Conclusion: 100% loss right eye. *Transplant could be done with possibility of reduction of loss.*" (emphasis added).

---

1. There is no dispute that claimant lost sight in one eye as a result of the injury which he sustained while in the course of his employment.

A hearing was held on claimant's claim on June 6, and June 20, 1978. On June 6, employer-insurer amended its answer over the objection of claimant to include the statute of limitations defense. The administrative law judge entered an award of $11,520.00 in claimant's favor.[2] He concluded that on May 26, 1977, employer-insurer provided medical treatment to claimant which waived the statute of limitations. This award was upheld by the Industrial Commission and an appeal of the commission's decision was affirmed by the circuit court.

■ Claimant contends that what occurred in Dr. Milster's office on May 26, 1977 constituted medical treatment which revived his claim. He argues that we may affirm the commission's order on that basis.[3] Employer-insurer argues that the May 26, 1977 examination was solely for the purpose of procuring a rating of claimant's disability and as such was not the furnishing of medical aid which would revive the claim.

■ The standards governing our review of decisions by the Labor and Industrial Commission are well settled. We cannot substitute our judgment for that of the commission and may set aside an award only in those instances where there is no substantial competent evidence to support the award. Webb v. Norbert Markway Construction Co., 522 S.W.2d 611, 614 (Mo. App.1975). However, awards of the commission which are clearly reached by interpretation or application of the law, as distinguished from a determination of the facts, fall within our usual province of review and correction. Merriman v. Ben Gut-

man Truck Service, Inc., 392 S.W.2d 292, 296–97 (Mo.1965); Gordon v. Puritan Chemical Co., 406 S.W.2d 822, 826 (Mo.App.1966). Furthermore, where the facts are not disputed, the award that should be entered by the Industrial Commission becomes a question of law and the commission's conclusions are not binding on the appellate court. Merriman v. Ben Gutman Truck Service, Inc., 392 S.W.2d at 296. In the instant case, we have reviewed the evidence concerning the May 26, 1977 examination and find no conflict in the evidence. Furthermore, the commission's determination of whether the May 26, 1977 examination constituted medical treatment required an interpretation or application of law and therefore we may make our own independent determination.

■ Section 287.430 RSMo 1978 provides in part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment. . . .

Furnishing medical treatment to an injured employee is a "payment . . . on account of the injury" within the meaning of § 287.430. Martensen v. Schutte Lumber Co., 236 Mo.App. 1084, 162 S.W.2d 312, 317 (1942). Medical treatment furnished by employer after the one year period of limitation has elapsed revives a claim and a claim filed within one year thereafter is timely. Welborn v. Southern Equipment Co., 395 S.W.2d 119, 124 (Mo. banc 1965).

■ We recognize that examinations conducted merely to allow the employer to

2. The $2,280.00 temporary disability payments were to be deducted from this amount.

3. Claimant additionally suggests that we may affirm the commission's award because employer-insurer also waived the statute of limitations by its conduct. The record reveals that employer filed in August, 1977, a document waiving the statute of limitations until the next setting plus 30 days. The next conference was set for February 4, 1977, but notice of that conference date was not sent to claimant by certified or registered mail as required by

§ 287.520 RSMo 1978. Claimant did receive proper notice of the conference set for March 31, 1977. He appeared that day and filed a claim for compensation benefits. We believe there is substantial evidence in the record to support a finding that employer-insurer's conduct waived the statute of limitations. However, we do not rest our decision on this point since we are precluded from making a determination on this issue because the commission did not rule on this point. Lawson v. Lawson, 415 S.W.2d 313, 321 (Mo.App.1967).

determine questions of causality or liability generally do not constitute medical treatment so as to toll the statute of limitations. *Bryant v. Montgomery Ward & Co.*, 416 S.W.2d 195, 199 (Mo.App.1967). The purpose of an examination is not determinative of the issue of whether medical treatment was provided. Although some weight might be given to the purpose of procuring a report and rating, what actually occurs at the meeting is more important. *See Faries v. ACF Industries, Inc.*, 531 S.W.2d 93 (Mo. App.1975). Each case must necessarily turn on its own facts with a view as to whether "such advice reasonably appears to reflect employer's continued provision of aid designed to cure or relieve the effects of the injury." *Id.* at 97.

The facts presented here, taken in light of all the circumstances, lead us to agree with the commission that the May 26, 1977 examination constituted medical treatment which revived claimant's claim.

A conversation between a patient and a doctor weighing the advantages and disadvantages of possible future medical treatments may constitute medical treatment. Such a conversation requires the physician to utilize his skill, experience, and expertise in evaluating the patient's condition and in recommending a possible course of action. Clearly, the patient is relying on the doctor to make a proper recommendation. Here, Dr. Milster's records reveal he obviously considered the possibility of a corneal transplant and recognized its possible efficacy in treating claimant's eye.

It would be absurd to contend that a medical procedure that would reduce the degree of loss in claimant's right eye would not constitute care designed to cure or relieve the effects of the injury. According to Dr. Milster, the purpose of the December, 1974 examination by his partner, Dr. Lewin, was to help make recommendations in the care and treatment of claimant's eye injury. We conclude that the advice of Dr. Milster, including his recommendation of Dr. Drews, when considered in the light of the previous examination by his partner, constituted "a continued course of care designed to cure or relieve . . . the effects of [claimant's]

injury." *Faries v. ACF Industries, Inc.*, 531 S.W.2d at 99.

The fact that Dr. Milster advised claimant not to have the operation does not require a contrary conclusion. Such a recommendation again requires the physician to utilize his skill and expertise and may be a realization that not seeking additional treatment may be as beneficial as pursuing further treatment. We have no difficulty in judging that what occurred in Dr. Milster's office constituted medical treatment and therefore claimant's claim was not barred by the statute of limitations. *See Phahler v. Eclipse Pioneer Division of Bendix Aviation Corp.*, 21 N.J. 486, 122 A.2d 644 (1956).

Claimant argues that the appeal by employer-insurer was vexatious and that he should be awarded damages pursuant to Rule 84.19. Under the circumstances of this case, we are unable to say that employer-insurer's appeal was frivolous. Accordingly, claimant's request for damages is denied.

The judgment of the circuit court affirming the award of the commission is affirmed.

DOWD, P. J., and CRIST, J., concur.