James **CHILTON**, Respondent,

v.

Joseph S. **THUM** and Marles **Thum**, Appellants.

No. 44269.

Missouri Court of Appeals, Eastern District, Division Three.

March 9, 1982.

condemnation proceedings.

---

1. The zoning ordinances of the City of St. Ann were not offered in evidence at any stage of the

David P. Senkel, Thurman, Nixon, Smiyh, Howald, Weber & Bowles, Hillsboro, for appellants.

Robert J. Robinson, Festus, for respondent.

REINHARD, Presiding Judge.

Employers, Joseph and Marles Thum, appeal from the circuit court's order sustaining an award to claimant, James Chilton, by the Labor and Industrial Relations Commission. On appeal employers claim that the evidence does not support the finding that they elected to come under the Workmen's Compensation Act. Chapter 287, RSMo. Supp.1975 (hereinafter the Act).

■ We review the facts in the light most favorable to Commission's decision, *Webb v. Norbert Markway Const. Co.*, 522 S.W.2d 611 (Mo.App.1975). But the question of whether the facts, thus reviewed, are sufficient to constitute an election under the statute is a question of law, and we are not bound by the Commission's conclusion on questions of law. *See, Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292, 296–297 (Mo.1965); *Gordon v. Puritan Chemical Co.*, 406 S.W.2d 822, 826 (Mo.App.1966).

In October, 1977, the Thums hired claimant on a daily basis to help install a water pipe on a tract of land which the Thums lived on and were subdividing for sale. On his eighth day of work, November 14, 1977, claimant was returning a tractor used in laying the pipe when it went out of control,

overturned and injured him. Claimant filed a claim for compensation on August 17, 1978, with the Division of Workmen's Compensation.

The Thums answered, admitting the above facts concerning claimant's employment and injury, but denying that they were subject to the Workmen's Compensation Act. We digress in relating the facts to explain the coverage provisions of the Act.

Section 287.090.1 RSMo. Supp.1975, in effect at the time of claimant's injury, provided that the liability provisions[1] of the Workmen's Compensation Act did not apply to "Employments by minor employers .... "[2] A "minor employer" was an employer with five or less employees regularly employed. § 287.050.2 RSMo. Supp.1975.[3] An "employer" was, for our purposes, a corporation or individual using the services of another for pay. § 287.030.1(1) RSMo. Supp.1975. A minor employer could elect, however, to accept the provisions of the Act. This election could be made by either filing with the Division of Workmen's Compensation (the Division) a notice of election to accept, or by purchasing and accepting a valid compensation insurance policy. § 287.090.2 RSMo. Supp.1975. Any insurance company issuing such a policy was required to file with the Division a "Memorandum of Insurance Coverage," which is a form prescribed by the Division, and required by § 287.090.3 RSMo. Supp.1975.

Claimant contends that the Thums were minor employers who affirmatively elected to accept coverage under the Act by purchasing a workmen's compensation policy in 1965. His proof of this consisted of several "Memoranda of Insurance Coverage" from the records of the Division. A foundation for these was provided by claimant's first witness, the Director of the Division.

These records indicated that a workmen's compensation insurance policy (number 51C/6422/CC), issued by Aetna Casualty and Surety Company in January of 1965, insured the following as "minor employers": Jo-Mar Auto Wash Inc., Jos. S. Thum Service Inc., and Joseph S. & Marles Thum as individuals. The records further showed that in April of 1965 the Aetna policy had been cancelled and replaced with a policy issued by Traveler's Indemnity Company. This policy (number KUB2204211), insured the same three employers. The Traveler's policy was renewed each year between 1965 and 1970.

Claimant called the Thums as witnesses. Mr. Thum explained that Jos. S. Thum Service Inc. was a corporation which owned a car wash. It had no employees. Jo-Mar Auto Wash Inc. was a corporation which operated the car wash business. Car wash employees were hired by Jo-Mar Auto Wash Inc. Mr. Thum was president of both corporations and the Thums were shareholders, along with another man, in both. In 1965, Mr. Thum, acting as president of Jo-Mar, purchased the insurance policy reflected by the records which claimant had introduced. The policy was purchased to cover employees of Jo-Mar, and Mr. Thum did not realize that he, as an individual, was also insured as a minor employer. The Thums had never hired any employees as individuals prior to hiring claimant. Jo-Mar went out of business in December of 1970 and the insurance policy was cancelled.

The administrative law judge found that the Thums as individuals had elected to come under the Act, as minor employers, by the purchase of a valid policy of workmen's compensation insurance in 1965, and that the election continued and was effective in this case because it was never withdrawn.

---

1. These were found in § 287.120 RSMo. Supp. 1975.

2. Section 287.090.1(1) read in full: "Employments by minor employers *not determined to be engaged in an occupation hazardous to employees.*" No such determination was ever made in this case; hence, the italicized language is superfluous for our purposes.

3. The terms "major employer" and "minor employer" were discarded with the repeal of § 287.050 RSMo. Supp.1975 (Laws 1978, p. 579), but the distinction lives on in §§ 287.030.-1(3), 287.090.1(2) RSMo. Supp.1981.

The Commission and the circuit court affirmed.

 On appeal the Thums contend that claimant failed to establish that the Thums had elected to come under the Act. It is, of course, the claimant's burden to prove sufficient facts to bring himself within the provisions of the Act. *McClain v. Yellow Cab Co.*, 439 S.W.2d 200 (Mo.App.1969). And, while § 287.800 directs that we construe the Act liberally, we may not go so far as to allow a claim where coverage is not provided or an essential element required by law is lacking. *Selvey v. Robertson*, 468 S.W.2d 212, 216 (Mo.App.1971). Claimant's contention is that the Memorandum of Insurance Coverage filed with the Division and offered in evidence by him indicates that the Thums elected to come under the Act as individuals, and that such an election continues and is effective twelve years later with respect to any employee hired to lay pipe at the Thum's home.

We do not believe claimant has proved that an election was ever made by the Thums as individuals. This is because there was no proof that they ever hired any employees during the period for which the insurance was written. Without employees they were not employers, and hence could not be "minor employers" so as to come within the exempt employment of § 287.090. If there is no evidence that an employer is engaged in an exempt employment listed in § 287.090 then the fact that an insurance policy was obtained does not constitute an election. *Miller v. Municipal Theatre Association*, 540 S.W.2d 899, 905 (Mo.App.1976).

Furthermore, claimant's proof has failed in that he has not proved that the Thums elected to accept the Act for the purposes of the employment which led to claimant's injury. *See, Wilkerson v. Potashnick*, 226 S.W.2d 402 (Mo.App.1950), in which the Southern District of this court held that an individual's election to accept the Act in one business was not effective sixteen years later with respect to a different business engaged in by the same individual.

Judgment reversed.

SNYDER and CRIST, JJ., concur.