**Patrick STURMA,**
**Employee–Respondent,**

**v.**

**GENERAL INSTALLATION COMPANY**
**OF MISSOURI–ILLINOIS, Employer,**

**United States Insurance Group,**
**Insurer–Appellants.**

**No. 53023.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 3, 1987.

John J. Johnson, Jr., St. Louis, for insurer-appellants.

Morris B. Kessler, St. Louis, for employee-respondent.

GRIMM, Judge.

This is a workers' compensation case wherein the employer and insurer appeal. Although their brief raises three points, they basically raise two issues. First, that the Commission erred in awarding permanent partial disability because the award was not supported by the facts as found. We disagree, because the Commission had sufficient competent evidence in the record

to support the award and thus, we cannot set aside the award. *Haggard v. Synder Construction Company,* 479 S.W.2d 142, 144–145 (Mo.App.W.D.1972). Second, that the Commission erred in allowing a multiplicity factor in that it should not be used with multiple injuries to the same part of the body. We disagree, because the Commission has discretion as to the amount of the award, and under § 287.190.3 the Commission may provide for "permanent injuries other than those specified in the schedule of losses" and there is nothing in the statute which prevents an award or an additional allowance for cumulative disabilities resulting from a multiplicity of injuries. *Eagle v. City of St. James,* 669 S.W.2d 36 (Mo.App.S.D.1984). We affirm.

A brief review of the facts reflects that on November 20, 1984, Sturma, an employee of General Installation Company of Missouri–Illinois, sustained an injury. A pipe fitter, he was then working at Ford Motor Company. While working on a welding press that had a raised floor of steel with spaces underneath, he attempted to step down into the pit to check on the lines. He slipped on hydraulic oil which had been spilled on the floor. In order to stop his body from falling into the pit, Sturma grabbed a railing and his partner helped pull him out. Sturma twisted his left knee and raked his right leg, which fell into the pit, on a kick plate.

After the accident, Sturma remained at work for the rest of the morning, but after lunch, Sturma told the foreman he was going home. Sturma made an appointment to see a doctor at an orthopedic group the next day. Sturma was told by the doctor to stay off his left knee and to take pain pills for three days. He returned to work after the prescribed three days and continued to work until his job was terminated December 5, 1984. The doctor also recommended that an arthrogram be done on his left knee, which was performed on January 3, 1985.

At the time of the hearing, February 3, 1986, Sturma testified that his ankles bother him; his left knee pops out of place; his right knee sounds like popcorn; and his right wrist feels disjointed at times. Sturma also stated that he has constant pain in his lower back, and when he coughs or sneezes, it feels like his spine separates; the lower part of his neck is in constant pain; he gets headaches a lot; and he has trouble breathing through his nose. Sturma also explained that he is unable to play softball and ice hockey, which he was able to do prior to the accident.

After the hearing, the administrative law judge awarded: (1) medical expenses in the amount of $1,498.50; (2) 2 weeks of temporary total disability payments under § 287.270 (RSMo.1986) in the amount of $445.46; (3) 15% of 400 weeks for a lower back injury; (4) 15% of 400 weeks for a neck injury; and (5) a multiplicity factor of 10% for injuries to multiple parts of the body. In terms of weeks, the award for permanent partial disability was 120 weeks for the neck and back injuries, and an additional 12 weeks for the multiplicity factor, bringing the total to 132 weeks. The Labor and Industrial Relations Commission modified the award of the administrative law judge to indicate that the amount of medical aid was furnished by the employer/insurer, but otherwise affirmed, in a 2–1 decision, the remainder of the award.

On appeal to this court, the employer and the insurer, in effect challenge the award on the basis that "there was not sufficient competent evidence in the record to warrant the making of the award." Section 287.490.1(4) (RSMo.1986). Only when the Commission's award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence do we disturb it. *Page v. Green,* 686 S.W.2d 528, 530 (Mo.App.S.D.1985). Generally, in passing on the sufficiency of the evidence, we view the record in the light most favorable to the findings, and disregard any evidence which might support a finding different than that of the Commission, even though a finding of the Commission to the contrary would also have been supported by the evidence. *Petersen v. Central Pattern Co.,* 562 S.W.2d 153, 155–56 (Mo.App.E.D.1978).

■ Appellant's first point is that the award of permanent partial disability is erroneous because the award was not supported by the facts as found. We disagree, because the Commission had sufficient competent evidence in the record to support the award and thus, we cannot set aside the award. *Haggard v. Snyder Construction Company*, 479 S.W.2d 142, 144–145 (Mo.App.W.D.1972). Section 287.490.1(4) (RSMo.1986) limits our review. As stated in *Webb v. Norbert Markway Construction Company*, 522 S.W.2d 611, 614 (Mo. App.E.D.1975). "We are not at liberty to substitute our own judgment for that of the Commission and may set aside an award only if there is not substantial competent evidence to support the award or if the findings of the Commission are clearly contrary to the overwhelming weight of the evidence."

Sturma's physician testified that he sustained 20% permanent partial disability for the lower back, 15% permanent partial disability for the neck, 15% permanent partial disability for each leg at the knee, and 15% of the right arm at the wrist. On the other hand, employer's physician testified that Sturma had no residual disability.

The Commission awarded 15% permanent partial disability for the lower back, and 15% permanent partial disability for the neck. On the evidence presented, and because of the large amount of discretion vested in the Commission, along with our limited scope of review, we find that the award was supported by the facts as found, and the award must be upheld. Appellant's first point is therefore denied.

■ Appellant's second point is that the Commission erroneously allowed a multiplicity factor. We disagree, because the Commission has discretion as to the amount of the award and under § 287.290(1) there is nothing that prevents an award of an additional allowance for cumulative disabilities resulting from a multiplicity of injuries. *Eagle v. City of St. James*, 669 S.W.2d 36 (Mo.App.S.D. 1984). In *Eagle*, the administrative law judge awarded the employee 75% permanent partial disability for his right shoulder, 10% permanent partial disability for the right knee, 5% permanent partial disability for the body as a whole referable to the concussion syndrome and an additional 10% award for multiplicity of injuries. The Commission affirmed the award and specifically the use of the multiplicity factor. *Id.* at 41–42.

Here, the administrative law judge, and the Commission, awarded a multiplicity factor of 12 weeks (10% of the 120 weeks). Testimony before them included the employee's physician, who was asked about the effect of pre-existing disabilities combining with present disabilities. He indicated that the combination created a greater overall disability than the simple sum of the disabilities combined. Such testimony supports the common sense recognition that two or more injuries to the body *may* create more disabilities for a person than such injuries individually would cause.

This premise is also supported by *Chapman v. Rafferty*, 174 S.W.2d 352 (Mo.App. E.D.1943). There, the court stated that where there are multiple injuries from one accident, the compensable period

"is *not necessarily* to be fixed with regard for the relation which each and every one of such multiple injuries may bear to some one of the specific injuries mentioned in the statutory schedule, but that instead the commission, in such a case, *may* properly fix the period in its relation to the maximum period of 400 weeks, considered from the standpoint of the percentage of disability in the normal functions of the injured man himself."

*Id.* at 354. (emphasis added)

*Chapman*, using the words "not necessarily" and "may", illustrates that the Commission has a choice as to how the award is calculated. The multiplicity factor, used when two or more disabilities interact to produce a greater overall injury, appears to fit within the discretion granted to the Commission when dealing with multiple injuries arising from one accident. The Commission did not err in allowing a multiplicity factor and thus, the award must be upheld. Appellant's second point is therefore denied.

The judgment of the circuit court is affirmed.

SIMON, P.J., and CRANDALL, J., concur.