**Theodis BROWN, Sr., Appellant,**

v.

**The CITY OF ST. LOUIS, et al., Respondents.**

**No. 61473.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1992.

Col. Theodis Brown, Sr., pro se.

Woody Curtis, Asst. City Counselor, St. Louis, for respondent.

## PER CURIAM.

Pro se appellant, Theodis Brown, Sr., appeals from a circuit court judgment affirming an order of the Labor and Industrial Relations Commission (Commission) that dismissed his workers' compensation claims. We affirm.

On June 15, 1989, appellant filed three claims for workers' compensation alleging injuries as a result of three separate accidents occurring on September 3, 1971; November 29, 1973; and August 11, 1974. Each claim alleged the injuries occurred in the line of appellant's duty as a police officer for the City of St. Louis. After hearing, the ALJ determined that at the time of appellant's injuries, the St. Louis Police Department was not subject to the workers' compensation law or the jurisdiction of the Division of Workers' Compensation. Accordingly, the ALJ entered an order on May 3, 1990, dismissing appellant's claims.

Upon appellant's application for review, the Commission affirmed the ALJ's dismissal on October 18, 1990. Appellant timely appealed to the circuit court. On December 30, 1991, the court affirmed the order of the Commission after finding com-

petent and substantial evidence in support thereof. On January 8, 1992, the court also denied appellant's motion for disqualification and "motion to have a pre trial hearing & or conference to causes pending in circuit court under due process of law & 1st amendment right in light of employers attempt to defraud employee under chapter 287.780."

▇▇▇▇ In his notice of appeal filed with this court, appellant purports to appeal from the circuit court orders affirming the Commission's decision and denying appellant's motions. In pursuit of his appeal, appellant has filed a legal file containing some documents relating to the underlying workers' compensation claims at issue. However, many of those documents are missing and many others concern a workers' compensation claim involving a 1976 injury not the subject of this appeal. Further, he has filed no transcript of the hearing held with respect to the claims involved. Instead, appellant has filed hundreds of "exhibits" relating to dozens of unrelated complaints filed in numerous state and federal courts and administrative agencies having the authority to consider civil rights claims. It is appellant's responsibility to file the transcript and prepare a legal file so that the record on appeal contains the evidence necessary to the determination of all questions presented to the appellate court for decision. *Phelps v. Runions*, 799 S.W.2d 167, 168 (Mo.App. 1990). Appellant has wholly failed to meet this burden, and his actions in this case represent an open abuse of the appellate process.

On May 1, 1992, appellant filed an incomprehensible brief with this court alleging numerous violations of federal civil rights laws. Appellant was notified the brief failed to comply with Rule 84.04, and he was given the opportunity to correct the deficiencies. Appellant filed an amended brief wholly unrelated to the points raised in his first brief or in his notice of appeal. Instead, the amended brief references dif-

ferent workers' compensation claims arising from accidents appellant contends occurred in 1976 and 1978. Moreover, the points relied on and argument portions of the brief have no relationship to the facts of appellant's case. It appears that appellant has merely photocopied a brief from a different case involving different issues and has attempted, unsuccessfully, to interlineate his own claims. The brief is nonsensical and has no discernible relationship to the orders from which appellant purports to appeal. Our task of reviewing appellant's claims was not aided by respondent's failure to file a brief or otherwise participate in the case.

▇▇▇▇ Although an appellant has the right to act pro se on appeal, he or she is bound by the same rules of procedure as attorneys and is entitled to no indulgence that would not have been given if the appellant were represented by counsel. *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535 (Mo.App.1987). Here, we would be fully justified in dismissing appellant's case for failure to comply with appellate court procedures and Rule 84.04. *See id.* Nevertheless, we undertake review of the case because it is clear from the record that appellant must lose on the merits.

▇▇▇▇ As set forth earlier, the ALJ dismissed appellant's workers' compensation claims for injuries resulting from three accidents in 1971, 1973, and 1974, upon a determination that the St. Louis Police Department was not subject to the workers' compensation law or the jurisdiction of the Division of Workers' Compensation at the time of those injuries. Although appellant has attempted to inject numerous other claims into this appeal, the sole issue is whether the Commission erred in affirming the ALJ's dismissal of those three claims.[1] We will set aside the Commission's order only if no substantial competent evidence supports it. *Lloyd v. County Elec. Co.,*

---

**1.** Because we review the findings of the Commission, the trial court's rulings on appellant's motions for disqualification and for a pretrial conference do not affect our review; accordingly, we need not address appellant's contentions with respect to the trial court's denial of those motions, even assuming the rulings are properly the subject of this appeal.

599 S.W.2d 57, 60 (Mo.App.1980).[2]

Pursuant to the law in effect at the time of appellant's injuries, respondent, as a municipal corporation, was an "employer" within the meaning of the workers' compensation chapter if it elected to accept the chapter by law or ordinance. § 287.030.-1(2) RSMo 1969. Section 287.060.1 RSMo 1969 provided that every employer and employee was conclusively presumed to have elected to accept the provisions of the workers' compensation chapter unless prior to the accident the employer or employee filed a written notice of rejection with the Division of Workers' Compensation. However, § 287.090.1(1) RSMo 1969 specifically exempted municipal corporations from the operation of sections 287.050 to 287.080 and 287.120 unless they filed with the Division a notice of election to accept the provisions, or unless they purchased and accepted a valid compensation insurance policy.

■ Appellant had the burden to prove sufficient facts to bring himself within the provisions of the Workers' Compensation Act, including proof that respondent had elected to accept its provisions. *See Chilton v. Thum,* 631 S.W.2d 74, 77 (Mo.App. 1982), *overruled on other grounds,* 807 S.W.2d 75, 81–82 (Mo. banc 1991); *Selvey v. Robertson,* 468 S.W.2d 212, 216 (Mo.App. 1971). In this case, appellant presented no evidence that respondent took any action to bring itself within the provisions of the workers' compensation law in effect at the time of his injuries. In fact, it appears from the record that at the hearing on appellant's claims, respondent filed a sworn affidavit asserting it had not elected to accept the workers' compensation law in effect at that time; appellant failed to include the affidavit in the record on appeal. Dismissal of appellant's claims was proper absent proof that respondent, as an exempt employer under § 287.090 RSMo 1969, had at the time of appellant's injuries elected to bring itself within the provisions of the workers' compensation law and the juris-

diction of the Division of Workers' Compensation.

The Commission's affirmance of the ALJ's dismissal is supported by substantial competent evidence, and we affirm the judgment of the circuit court sustaining the Commission's decision.

---

**2.** Section 287.495 RSMo 1986, which provides for appeal of a final award of the Commission to the appellate court having jurisdiction in the area in which an accident occurred, applies only to disputes based on claims arising on or after August 13, 1980. Since appellant's claims arose before 1980, § 287.490 RSMo 1986 governs his appeal.